## French *v.* Hayes.

Where, upon a partition between co-heirs, a way is assigned to one, and upon the evidence it is uncertain which of two routes was intended, evidence is admissible of any circumstances or acts of the parties indicating such intention.

If there are two paths, to either of which the description will apply, evidence of the declarations of the parties is admissible to identify the one intended.

Case for obstructing a way.

June 4, 1834, a committee appointed by the Judge of Probate to divide the real estate of H. Garland, deceased, between her daughters Ann and Sarah, divided a tract of land by assigning to Ann the south half, and to Sarah the north half and a privilege in the cart-path over the half assigned to Ann. The defendant owns the half assigned to Ann, and the plaintiff the half assigned to Sarah with its privileges and appurtenances.

The declaration alleges that the defendant plowed up the cart-path, between April 1, 1857 and Jan. 7, 1860. The path extended from a certain gate to a bridge. At a point half way from the gate to the bridge was a hog-house. The plaintiff claimed that the path passed on the south side, and the defendant contended that it passed on the north side of the hog-house; and this was the only controversy between the parties. The defendant had, between the times alleged, plowed the land south of the hog-house.

The plaintiff introduced evidence tending to show that on the 4th of June 1834, and long before and ever since, until the obstruction complained of, the path passed on the south side of the hog-house, and had been used there, and that at a point southeast of the hog-house there is now an ancient cart-path extending to the land plowed by the defendant.

Subject to the plaintiff's exception, the defendant introduced evidence tending to show that the land plowed by the defendant was plowed by one Kennard, who then saw no path there; and evidence tending to show that for the last sixty years it had been plowed two out of every six years; and that always before and since 1834, the only path visible and marked upon the ground, passed north of the hog-house, and had been there used before 1834, and also since 1834, by the persons occupying both parts of the divided land, although teams sometimes passed south of the hog-house. There was evidence tending to show that there was a cart-path in each of the places claimed by the parties, on June 4, 1834.

The defendant introduced evidence, subject to the plaintiff's exception, tending to show that the committee, when making the division, pointed out to the guardian of Sarah the path now claimed by the defendant as the cart-path they were assigning to Sarah; and also the testimony of one of the committee, that he intended to assign the same path to Sarah.

There was evidence that there was one and only one path leading directly from the front door of French's house to the highway, and that it was an old path. It did not appear that any path was known or called by the name of the old path.

The plaintiff introduced the deposition of one Knight. On cross-examination in this deposition, the defendant had asked the deponent, " How far is it from the front door of French's house by the old path to the highway ? " This question was objected to at the caption as ambiguous. The court overruled the objection, and the plaintiff excepted.

*Small*, for the plaintiff.

*Christie*, for the defendant.

BELL, C. J. Where any doubt arises as to the meaning of any written instrument, as for example a contract, deed, or will, the court endeavors to put itself in the place of the party, by receiving evidence of the surrounding circumstances. Thus, if the language of an instrument is applicable to several persons, to several parcels of land, to several species of goods, to several monuments or boundaries, or to several writings; or if the terms are vague and general, or have several meanings; or if the description of any person, or thing, or circumstance, is true in part, but not true in every particular; parol evidence is admissible of any extrinsic circumstances tending to show what person or persons, or what things were intended, or to ascertain the meaning in any other respect. 1 Greenl. Ev., secs. 288, 289. And proof of all material facts is admissible, from which the intent of the party in using the expressions may be inferred, or which will enable the court to identify the person or thing meant to be designated. 2 Phill. Ev. 315—2 C. & H. 273, 539.

The controversy here was, what was intended by the committee who made the partition in 1834, by the term cart-path. The term itself is quite free from ambiguity. It is only when upon applying the language to the facts of the case, it is found that there is an uncertainty as to a part of the way, which of two routes, to which it is contended that description may apply, was intended, that any doubt arises; and that doubt may be obviated by any evidence of the condition of the property and other circumstances, which may tend to show what was meant. The evidence tends to show that there were two cart-paths for a part of the way, either of which might be that intended. It is the common case of an uncertain description. Land for example is described as bounded at one corner by an oak tree. Among several oaks it is made a question which was intended. It may be shown that one was marked and others were not; that one had been the point to which on certain occasions measurements had been made; or that one was shown at the time of the conveyance, by the party or by those who took part in the transaction, as the corner; or that it had been shown or talked of by parties in interest as the corner; or that it had been treated as the corner, as by clearing, or plowing to it, or building fences to it, or the like.

Now these are the precise kinds of evidence which are objected to in this case. The evidence that the land in one of the routes

contended for was plowed up, is a circumstance tending to show that no cart-path, or right of way was admitted to exist there, because it is not usual to plow up the cart-paths on a farm, especially where third persons have a right to their unobstructed use.

So the evidence that carts were driven on both sides of the hog-house, tended to show that it was then uncertain or doubtful where the path was, or it might tend to fix it on one side, or the other, if the preponderance of the evidence showed the common path on one side, and that the other was only occasionally used.

Among the circumstances which could not fail to have great weight in determining what was meant by the doubtful or uncertain terms of a writing, would be the acts of the parties indicating that intention, either occurring at the time of the writing, or appearing to be otherwise connected with it. If a party, for instance, when making a deed of land should describe it as bounded at the corners by stakes, and should at the time, or subsequently, go upon the land and set up stakes there intended to be those referred to in the deed, there would be no doubt that all parties would be held bound by those monuments. *Learned* v. *Morrill*, 2 N. H. 198; *Waterman* v. *Johnson*, 13 Pick. 267. So where a party who had in a deed described a lot as 85 feet more or less, subsequently put upon the record a plan in which the land was described as 88 or 89 feet deep, it was conclusive of an intention that the land conveyed should extend so far. *Blaney* v. *Rice*, 20 Pick. 64.

The declarations of the parties as to their intention, made at or about the time, may properly be regarded as acts, and just as the acts of the committee would be held strong evidence of what was intended, as if they had at the time designated the cart-path they intended by stakes driven into the ground, so it would seem that with equal reason, the act of the committee who made the division, in pointing out at the time what they intended by their assignment, must be evidence well deserving the consideration of the court. And it would not be easy to exclude the testimony of that member of the committee who testified to the intention of the committee as to the route assigned.

The case however is one of that class where parol evidence of declarations of intention on the part of a grantor or devisor are admissible: namely, the class where the description of the person or thing intended is applicable with legal certainty to each of the subjects as to which the dispute exists. Wigram's Extr. Ev. 160; 2 Phill. Ev. 322.

The rule is thus stated in 2 Cow. & Hill's notes to Phill. Ev. 534: "An exception (and it seems the only one strictly speaking) to the general rule excluding evidence of intention, is allowed where the language of the instrument is applicable indifferently to more than one object or subject. There the inquiry is, it seems, which of the objects or subjects was intended by the party; in other words which one he meant to describe; and then evidence of declarations made by him showing his intent, are admissible; and the instance cited in illustration of the rule, is the case before us." Where a way is granted, and there are two ways to which the

description applies, evidence of the declarations of the grantor is admissible to identify the one intended.   *Osborn* v. *Wise*, 7 C. & P. 761.

The evidence tended to show that the path as to which inquiries were made of Knight was an old path, though it did not appear that it was known by that appellation.   It would not therefore seem that there was any doubt or ambiguity arising from the use of that expression.   The question might be objectionable on the ground that it assumed the very point in controversy; but that does not appear to be the case here.   Nothing depended on the age of the path, and there is nothing which shows that the jury were in any danger of being misled by the question.   It was evidently in the power of the plaintiff, by proper inquiries, to remove all grounds of doubt.

As the exceptions do not seem to us well founded, there must be
*Judgment on the verdict.*